IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FRANK S. BOKESCH )
)
v. ) NO. 3-12-0217
) JUDGE CAMPBELL
IMPERIAL GROUP, L.P., et al. )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 26). For the reasons stated herein, Defendant's Motion is GRANTED.

FACTS

Plaintiff is a former employee of Defendant who has brought this action for violation of the Age Discrimination in Employment Act ("ADEA").[1] Plaintiff contends that Defendant terminated his employment because of his age and retaliated against him for engaging in protected activity.

Plaintiff's Amended Complaint alleges that Defendant is in the business of metal stamping. Plaintiff asserts that he was hired by Defendant as a Materials Manager. Plaintiff avers that he was subjected to unwanted and unwarranted ridicule and harassment by a new plant manager about six months after Plaintiff was hired. Plaintiff contends that he reported the plant manager's conduct to Defendant's human resources manager. Plaintiff claims that he was fired approximately one week later and was replaced by a younger worker.

Defendant has moved for summary judgment, arguing that Plaintiff cannot show that his firing was motivated by age-based animus or that Defendant's legitimate, nondiscriminatory reason

---

[1] Despite the allegation that the Court has supplemental jurisdiction over all state law claims alleged, Plaintiff's Amended Complaint does not allege state law claims.

for the termination was pretext. Defendant contends that Plaintiff was fired because of his work performance.

Plaintiff has admitted that he was responsible for ordering raw materials for Defendant's Portland facility and managing the inventory process to ensure that product was ready to be shipped on time to Defendant's customers. Docket No. 31, ¶ 3. Plaintiff admits that one of his responsibilities was forecasting properly the raw materials needs of the facility and ensuring that the facility had enough steel to meet customer demand. *Id*., ¶ 4. Plaintiff does not dispute that PACCAR, one of Defendant's major customers, had complained to Defendant about a raw material shortage issue. *Id*., ¶ 14.

Plaintiff avers that the issues concerning orders not being delivered to customers on a timely basis lay with the manufacturing department, not the materials department. Docket No. 35, ¶ 17. Plaintiff admits, however, that the plant manager and production manager who were responsible for the manufacturing department were not treated differently and had already been fired before Plaintiff was fired. Docket No. 31, ¶ 15. Therefore, at the time of his firing, Plaintiff was the only manager responsible for the alleged production issues who was still employed by Defendant. *Id*.

Plaintiff alleges that his plant manager came to rely upon an employee who is younger than Plaintiff and that, in one incident, the manager accepted the younger employee's advice rather than Plaintiff's. Docket No. 35, ¶¶ 25-26. Plaintiff testified, however, that he never heard a manager for Defendant make some reference to his age. Docket No. 29-1 (Deposition of Plaintiff), p. 39. He just "had the feeling" that the new plant manager did not like him, "and it had to be my age." *Id*. When asked why it had to be his age, Plaintiff stated, "Well, I don't understand how after, you know, a day

2

Case 3:12-cv-00217   Document 36   Filed 04/26/13   Page 2 of 7 PageID #: 304

or two he could dislike you." *Id*. Plaintiff testified that he could not recall the plant manager ever saying anything that caused Plaintiff to feel like it was his age. *Id*.

Plaintiff was 61 years old when he was hired by Defendant and 63 when he was fired. Docket No. 29-1, p. 4. Plaintiff admits that the plant manager was 56 years old and the vice president and general manager was 65 years old. Docket No. 31, ¶¶ 7-8. The person who replaced Plaintiff as materials manager was 50 years old at the time. Docket No. 29-4, ¶ 3.

Plaintiff complained to Defendant's human resource officer, who was 56 years old, about the hostile work environment he believed the plant manager was creating. Docket No. 35, ¶ 27. Plaintiff did not tell the officer that he felt as though the plant manager was holding Plaintiff's age against him. Docket No. 31, ¶ 17 and 20. Plaintiff also represented to the Equal Employment Opportunity Commission ("EEOC") that he was not retaliated against for engaging in any protected activity. *Id*., ¶ 25.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

3

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## AGE DISCRIMINATION

Defendant has conceded for purposes of this Motion only that Plaintiff can establish a *prima facie* case of age discrimination. The burden, therefore, shifts to Defendant to set forth some legitimate, non-discriminatory reason for Plaintiff's discharge. *Braithwaite v. Timken Co.*, 258 F.3d 488, 493 (6th Cir. 2001). The Court finds that Defendant has carried this burden by articulating its performance-related reasons.

Thus, the burden shifts back to Plaintiff to demonstrate that Defendant's explanation was a pretext for age discrimination. *Braithwaite*, 258 F.3d at 493. The ultimate burden of persuading the Court that Defendant intentionally discriminated against Plaintiff remains at all times on the Plaintiff. *Id*. Plaintiff must produce sufficient evidence to allow a jury to reasonably reject the employer's explanation as a pretext for discrimination. *Dobbs-Weinstein v. Vanderbilt University*, 1 F. Supp. 2d 783, 791 (M.D. Tenn. 1998).

4

To satisfy this burden, Plaintiff must show, by a preponderance of the evidence, that (1) the proffered reason had no basis in fact, (2) the proffered reason did not actually motivate his discharge, or (3) the proffered reason was insufficient to motivate the discharge. *Foster v. Spring Meadows Health Care Center, LLC*, 2013 WL 829363 at * 9 (M.D. Tenn. March 6, 2013); *Imwalle v. Reliance Medical Products, Inc.,* 515 F.3d 531, 545 (6th Cir. 2008).

Plaintiff has not shown that the proffered reason for his firing had no basis in fact. Plaintiff has not disputed that he was responsible for forecasting properly the raw materials needs of the facility and ensuring that the facility had enough steel to meet customer demand, and he admits that one of Defendant's primary customers had complained about a raw material shortage. Plaintiff does not dispute that, at the time of his discharge, the plant was struggling to meet customer demands. Neither does he dispute that Defendant had already fired the plant manager and the production manger because of these struggles. Plaintiff has not shown that the asserted basis for Plaintiff's firing was factually false.

Moreover, Plaintiff cannot show that Defendant's proffered reason did not actually motivate Defendant's decision. In this second showing, Plaintiff admits the factual basis for the employer's explanation and admits that such conduct could motivate dismissal. *Bishop v. Ohio Dep't. of Rehabilitation and Corrections*, 695 F.Supp.2d 707, 727 (S.D. Ohio 2010). In such cases, Plaintiff attempts to indict the credibility of his employer's explanation by showing circumstances which tend to prove that an illegal motivation was more likely than that offered by Defendant. *Id*. Here, as set forth below, Plaintiff has not shown that his age was a motivation for his termination.

To show that the proffered reason was insufficient to motivate his discharge, Plaintiff must show that other employees, particularly employees outside the protected class, were not fired even

5

though they engaged in substantially identical conduct to that which Defendant contends motivated its discharge of Plaintiff. *Foster* at * 10. Plaintiff has not identified employees in substantially similar situations as he, but the record reflects that, to the extent they were similarly situated and shared responsibility for the issues with production, the plant manager and production manager who were responsible for the manufacturing department had already been fired. Plaintiff has not shown that the proffered reason was insufficient to motivate his firing.

Accordingly, Plaintiff has not demonstrated that Defendant's proffered reason was a pretext for discrimination. In any event, Plaintiff has not shown that the Defendant's decision to terminate his employment was because of his age. As set forth above, the decision-makers themselves were in the protected class; indeed, one was older than Plaintiff. Plaintiff never mentioned age when he complained to the human resources officer. There is no evidence in the record that Plaintiff complained to anyone in Defendant's employ about age discrimination.

Plaintiff alleges that, in one incident, his plant manager accepted a younger employee's advice rather than Plaintiff's. Plaintiff testified, however, that he never heard a manager for Defendant make some reference to his age. He just "had the feeling" that the new plant manager did not like him, "and it had to be my age." When asked why, Plaintiff stated, "Well, I don't understand how after, you know, a day or two he could dislike you." Plaintiff testified that he could not recall the plant manager ever saying anything that caused Plaintiff to feel like it was his age.

For these reasons, Plaintiff has not met his burden of establishing a genuine issue of material fact as to his age discrimination claim. Defendant's Motion for Summary Judgment is granted on Plaintiff's age discrimination claim, and that claim is dismissed.

## RETALIATION

Because Plaintiff has admitted that he was not retaliated against for engaging in any protected activity (Docket No. 31, ¶ 25; Docket No. 29-1, Ex. 15), Plaintiff's retaliation claim is also dismissed. Moreover, as indicated above, there is no evidence in the record that Plaintiff complained to Defendant about *age* discrimination.

## CONCLUSION

Defendant's Motion for Summary Judgment (Docket No.26) is GRANTED, and this action is DISMISSED. Any other pending Motions are denied as moot, and the Clerk is directed to close the file.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE